IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY J. DICK, | : | Civ. No. 1:10-CV-00988 |
| | : | |
| Petitioner, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, Secretary, | : | |
| Pennsylvania Department of | : | |
| Corrections; LOUIS S. FOLINO, | : | THIS IS A CAPITAL CASE |
| Superintendent of the State Correctional | : | |
| Institution at Greene; and, MARIROSA | : | |
| LAMAS, Superintendent of the State | : | |
| Correctional Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

### November 29, 2012

Presently before the Court are two motions: (1) Petitioner Anthony Dick's motion for a stay of federal proceedings, (Doc. 33), and (2) Respondents' motion to dismiss the instant federal habeas corpus action without prejudice, (Doc. 23). For the reasons that follow, the Court will deny Petitioner's motion for a stay and grant Respondents' motion to dismiss.

**I.    BACKGROUND**

Petitioner is a state prisoner who was sentenced to death on August 23, 2007, following his plea-based convictions for first-degree murder and related

charges in the Court of Common Pleas, Columbia County, Pennsylvania. Petitioner's convictions and sentence were affirmed on August 18, 2009. *Commonwealth v. Dick*, 978 A.2d 956 (Pa. 2009), *reargument denied*, *Commonwealth v. Dick*, No. 548 CAP (Nov. 5, 2009). His timely petition for certiorari review was denied on April 19, 2010. *Dick v. Pennsylvania*, — U.S. —, 130 S.Ct. 2098, 176 L.Ed.2d 731 (2010).

On May 7, 2010, Petitioner filed a motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel. (Doc. 1.) The Court granted the motion on July 6, 2010, granting *in forma pauperis* status to Petitioner, appointing the Capital Habeas Corpus Units of the Federal Public Defender Office for the Middle District of Pennsylvania and the Federal Community Defender for the Eastern District of Pennsylvania ("FCDO") to represent Petitioner, and directing Petitioner to file his habeas petition by January 3, 2011. (Doc. 4.)

Prior to the date his federal habeas petition was due, on July 7, 2010, Petitioner filed a *pro se* petition for post-conviction collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546. *See Commonwealth v. Dick*, No. CP-19-CR-0000188-2006 (Columbia C.P.), Criminal Docket Sheet, *available at* http://ujsportal.pacourts.us (last visited

November 28, 2012). On July 29, 2010, the PCRA court appointed Ms. Claudia Van Wyk, Esquire, of the FCDO to represent Petitioner in the PCRA proceedings and directed the filing of an amended counseled PCRA petition.[1] *See id*. That amended counseled PCRA petition was filed on September 25, 2012. *See id*.

Also before his federal habeas petition was due, Petitioner requested eight extensions of time in which to file his federal petition, (Docs. 5, 7, 9, 11, 14, 16, 18, 20), which were granted, (Docs. 6, 8, 10, 13, 15, 17, 19, 21), respectively.

On August 6, 2012, Respondents filed a motion to dismiss this action without prejudice, arguing that Petitioner has not yet exhausted his state court remedies and therefore this federal habeas action is premature. (Doc. 23.) They also argue that a stay of these federal proceedings would be inappropriate in this case where there is "plenty of time for [Petitioner] to file a federal habeas action if the state proceedings are exhausted without him attaining the remedy he desires in state court." (Doc. 24 at 12.) After the motion to dismiss was fully briefed, on October 17, 2012, Petitioner filed his habeas petition. (Doc. 32.) On that same date, Petitioner filed a motion to stay these proceedings and hold them in abeyance

---

[1] On June 29, 2012, the Attorney General's office filed a motion to appoint new counsel for Petitioner in the PCRA court, seeking the removal of FCDO as counsel. *See Commonwealth v. Dick*, No. CP-19-CR-0000188-2006, Criminal Docket Sheet. After hearing oral argument on October 1, 2012, the PCRA court denied the Commonwealth's motion to appoint new counsel for Petitioner. *See id.*

while he exhausts his first PCRA petition, as amended, filed in the Columbia County Court of Common Pleas. (Doc. 33.) These motions have been fully briefed and are ripe for disposition.

## II.  DISCUSSION

### A.  Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 36 L.Ed.2d. 439 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). "An applicant shall not be deemed to have

exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Under Pennsylvania's Post Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the

conclusion of direct review, including discretionary review in the United States Supreme Court, or at the expiration of time for seeking such review. *Id*. § 9545(b)(3).

### B.     Dick's Petition

Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petition to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78; *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009) (permitting stays of AEDPA petitions presenting unexhausted claims).

Unlike *Rhines* and *Heleva*, in the case at bar, there is little concern that declining to enter a stay in this matter will in any way prejudice Petitioner's ability to seek federal habeas relief. The statute of limitations on Petitioner's federal and state post-conviction proceedings began to run on April 19, 2010. On July 7, 2010, Petitioner filed a *pro se* PCRA petition in the Columbia County Court of Common Pleas. *See Commonwealth v. Dick*, No. CP-19-CR-0000188-2006, Criminal Docket Sheet. An amended PCRA petition was filed by Petitioner's appointed counsel on September 25, 2012. *See id.* Thus, the filing of Petitioner's PCRA petition tolled AEDPA's one-year limitation period. 28 U.S.C. § 2244(d)(2). Therefore, once Petitioner exhausts his claims through the PCRA process, he will have 286 days remaining on his one-year limitation period in which to file a timely habeas petition. Because there is no real danger that failing to stay the proceedings on Petitioner's federal petition will result in his federal claims becoming time barred,[2] entering a stay in this matter is not warranted. *See, e.g., Frey v. Beard*,

---

[2] Petitioner's argument that dismissing his habeas petition may subject him to changes in the law if Pennsylvania qualifies as an "opt-in" state under AEDPA is unavailing, as Pennsylvania has yet to be subject to such "opt-in" provisions. *See Sherwood v. Beard*, No. 1:10-CV-1073, 2011 WL 6888653, at *3 (M.D. Pa. Dec. 30, 2011) (rejecting argument that Pennsylvania will qualify as an "opt-in" state where petitioner provides no supporting evidence beyond speculation); (Doc. 38 at 3, Petitioner's Reply to Brief in Opposition to Motion to Stay and Abey Habeas Proceedings) (explaining that U.S. Department of Justice comment period for implementing this regulation has closed, and the case reached final rule stage on March 3, 2012, but no final regulation has yet been issued).

No. 1:07-CV-00260, 2012 WL 5845548 (M.D. Pa. Nov. 19, 2012) (lifting a stay in capital habeas proceeding when the petitioner would have 228 days to file a timely federal habeas petition after exhausting his claims in state court); *Housman v. Wetzel*, No. 1:11-CV-0167, 2012 WL 983551 (M.D. Pa. Mar. 22, 2012) (denying stay of federal proceedings where 109 days remained to timely file a federal habeas petition); *Sherwood v. Beard*, No. 1:10-CV-1073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011) (denying stay in capital case where petitioner had "ample time to file a new habeas petition after exhausting his state claims"); *Walter v. Beard*, No. 1:09-CV-2465, 2011 WL 5593125 (M.D. Pa. Nov. 17, 2011) (refusing to grant a stay in a capital habeas proceeding when the petitioner would have 256 days to file a timely federal habeas petition after exhausting her claims in state court); *Cummings v. Beard*, No. 09-CV-4033, 2011 WL 239794 (E.D. Pa. Jan. 25, 2011) (concluding that where petitioner would have 248 days to file a timely federal habeas petition a stay under *Rhines* or *Heleva* was not warranted). Further, because Petitioner's one-year statute of limitations to file a timely federal petition has not run and is currently tolled, dismissal of the filed petition would not affect Petitioner's ability to re-file after exhausting his state court remedies. *See Sherwood*, 2011 WL 6888653 (dismissing federal habeas petition without prejudice as prematurely filed where state court had not had an opportunity to

review petitioner's claims).

## III.    CONCLUSION

Because Petitioner is afforded ample time to return to this Court after he exhausts his state collateral claims, he has failed to satisfy the good cause requirement under *Rhines*.  Finding that Petitioner has failed to show good cause for the stay and abeyance as delineated in *Rhines*, his motion to stay federal proceedings will be denied.  Further, Respondents' motion to dismiss this federal habeas corpus action without prejudice will be granted, and Petitioner's petition for writ of habeas corpus will be dismissed without prejudice.  A certificate of appealability will be denied.  An Order consistent with this Memorandum follows.